# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM P. IMHOF            :      CIVIL ACTION
                           :
    v.                     :      NO.  08-1001
                           :
MICHAEL J. ASTRUE,         :
Commissioner of Social Security  :

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                          December 18, 2008

Upon consideration of the brief in support of request for review[1] filed by plaintiff

(Doc. No. 6), and defendant's response (Doc. No. 9), the court makes the following findings and

conclusions:

1.    On May 30, 2002, William P. Imhof ("Imhof") filed for disability
insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI,
respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f alleging an onset date
of December 31, 1998.  (Tr. 73-75; 923-25).  After an initial denial, a hearing on March 31, 2003
before an ALJ, and a unfavorable decision on July 9, 2003, the Appeals Council remanded the
case for further evaluation.  (Tr. 38-39; 40-50; 51-55; 63-66; 927-30; 943-76).  The Appeals
Council noted that on a subsequent application, Imhof was found disabled since February 1,
2004, thus, the relevant time period for this case is December 31, 1998 to January 31, 2004.  (Tr.
17 ¶ 5).[2]   The ALJ held a second hearing on June 27, 2006 and again concluded in a July 28,
2006 decision that Imhof was not disabled.  (Tr. 17-31; 977-1034).  After the Appeals Council
denied review of the ALJ's decision, Imhof filed his complaint in this court on February 27, 2008
pursuant to 42 U.S.C. § 405(g).  (Tr. 6-9; Doc. No. 1).

2.    In his decision, the ALJ concluded, *inter alia*, that: (1) Imhof had severe
impairments consisting of depression and anxiety related disorders, asbestosis and mild chronic
obstructive disease that reacted well to bronchodilators, mild degenerative disc disease of the
lumbar spine, and a history of substance addiction disorder; (2) Imhof's impairments did not
meet or equal a listing; (3) Imhof had the residual functional capacity ("RFC") to meet the
demands of work at all levels of physical exertion with certain environmental restrictions and
which had no more than limited interaction with supervisors, co-workers, and the public; (4)
Imhof could perform his past work as a valet parking lot attendant as well as other jobs that

---

[1] Although plaintiff has styled his brief as one in support of summary judgment, in accordance with the
procedural order in this case, I will consider it as a brief and statement of issues in support of request for review.
(Doc. No. 3).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

existed in significant numbers in the national economy; and (5) Imhof was not disabled.  (Tr. 21 Finding 3; 22 Finding 4; 23 Finding 5; 28 Finding 6; 29 Finding 10; 31 Finding 11).

       3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.    Imhof raises several arguments in which he alleges that the determinations by the ALJ regarding his mental impairments were legally insufficient or not supported by substantial evidence.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.    First, Imhof contends that the ALJ ignored the medical record and his subjective complaints in favor of the medical expert who testified during the hearing, Richard B. Saul, M.D., when concluding that he did not suffer from post traumatic stress disorder ("PTSD") and was not disabled.  As noted by the ALJ, Imhof's alleged PTSD is based on his own subjective complaints.  For a variety of reasons discussed below in subsection B, the ALJ's conclusion that Imhof's testimony was less than credible was supported by substantial evidence.  The ALJ also relied on the opinion of Dr. Saul in determining that Imhof likely did not suffer from PTSD.  The ALJ may credit a non-examining physician like Dr. Saul over Imhof's treating physicians after considering the medical findings supporting the treating physician's conclusions.  Morales v. Apfel, 225 F.3d 310, 317 (2000).  Moreover, an impairment must be shown by medically acceptable clinical or laboratory diagnostic techniques, not merely by the claimant's subjective complaints. 20 C.F.R. §§ 404.1508, 416.908.  Here, Dr. Saul testified that although PTSD is mentioned many times in the records of Imhof's treating doctors at the Veterans Administration ("VA"), the diagnosis is based on Imhof's subjective statements and the VA failed to perform the proper evaluations to confirm the diagnosis. (Tr. 21 ¶ 4; 993-994).  The ALJ considered the lack of objective medical findings underpinning Imhof's treating physicians' opinions and reasonably rejected them as a result.  I also note that the ALJ did not simply ignore Imhof's PTSD-like complaints as he found that Imhof suffered from severe depression and anxiety. (Tr. 21 Finding 3).  I find that substantial evidence supports the ALJ's conclusion regarding PTSD.

       I further find that the ALJ relied on substantial evidence in concluding that Imhof was not disabled due to his mental impairments.  The ALJ concluded that a review of the records supported Dr. Saul's opinion that Imhof's mental limitations were not work preclusive. (Tr. 22 ¶¶ 1-3).  Also supporting this conclusion are the mental RFC

assessments and psychiatric review technique forms ("PRT") from Richard F. Small, Ph.D. and Salvatore Cullari, Ph.D.  (Tr. 172-87; 429-44).  The ALJ also reasonably discounted certain opinions from Imhof's treating doctors that he was incapable of performing work.  The ALJ noted that these assessments, an April 16, 2003 assessment from a VA doctor, and an assessment from John Applegate, M.D., included very extreme limitations which contravened Dr. Saul's assessment and the medical record and, thus, were not credible.  (Tr. 28 ¶¶ 2-3; 268-69; 919-22).  After reviewing the entire record, I find that these conclusions were supported by substantial evidence and, therefore, Imhof's arguments to the contrary must fail.

B.     Second, Imhof argues that the ALJ erred by rejecting his subjective complaints regarding his alleged PTSD in favor of the ALJ's own understanding of naval warfare and crafts.  "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence."  Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)).  Moreover, such determinations are entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).  Specifically, Imhof contends that the ALJ rejected his testimony regarding his alleged traumatic experiences during the Viet Nam war, such as witnessing his ship's guns kill people while his ship was only 300 yards off shore, because the ALJ concluded that a deep draft destroyer like the one to which Imhof was assigned would not have bombarded targets from that close of a distance.  (Tr. 21 ¶ 4; 24 ¶ 1; 27 ¶ 4).  I find that this is a logical reason to discount the credibility of Imhof's testimony.  Moreover, it is not the only reason the ALJ gave for his credibility analysis.  The ALJ concluded that in many instances, Imhof exaggerated his symptoms in an attempt to qualify for benefits.  (Tr. 27 ¶ 4).  For example, in addition to the reasoning detailed above, the ALJ noted that Imhof had originally claimed to suffer from Agent Orange Syndrome even though no medical records supported this assertion and he had never been sent ashore into Viet Nam during his tour.  (Tr. 21 ¶ 3; 27 ¶ 4).  The ALJ also noted that, in light of the medical record, it was evident that Imhof exaggerated his physical impairments, including his breathing problems.  See e.g. (Tr. 24 ¶ 4 - 26 ¶ 1; 27 ¶ 4).  The ALJ further noticed that Imhof did not have any psychiatric treatment until March 2001.  (Tr. 26 ¶ 2).  In light of the above, I find that the ALJ's credibility assessment was properly supported by substantial evidence.

C.     Finally, Imhof maintains that the ALJ was biased against him and should have given great weight to the fact that he was found disabled as of February 1, 2004 in a subsequent application for benefits.  Neither of these arguments is remotely meritorious.  Imhof has failed to meet his burden of establishing that the ALJ engaged in conduct that deprived the hearing of fundamental fairness and has produced no law suggesting that a subsequent determination of benefits for one period of time should have any bearing on a prior application dealing with a different period of time.[3]  Schweiker v. McClure, 456 U.S. 188, 195-196 (1982).  As a result, these arguments fail.

5.     Upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.  As a result, Imhof's request for relief must be denied and the decision must be affirmed.

An appropriate Order follows.

---

[3] Imhof has similarly failed to establish that Dr. Saul was prejudiced against the VA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM P. IMHOF | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-1001 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this18th day of December, 2008, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 6) and defendant's response (Doc. No. 9) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1.  **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2.  The Clerk of Court is hereby directed to mark this case closed.


__S/ Lowell A. Reed, Jr._____
LOWELL A. REED, JR., Sr. J.